# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY C. HENDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:08CV1787 MLM |
| ) | |
| MISSOURI BOARD OF PROBATION ) | |
| AND PAROLE, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus. The petition will be summarily dismissed.

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, petitioner alleges that he is currently serving a ten year prison sentence for robbery and armed criminal action. Petitioner claims that he had a presumptive release date of April 19, 2008. Petitioner alleges that on October 8, 2008, respondents reconsidered his release date and rescheduled it to October 19, 2008. In its notice to petitioner, the Board of Probation and Parole stated that petitioner's release date was being delayed because of "Poor institutional adjustment." Petitioner claims that he did not receive a hearing before the Board

reached its decision. However, the statement from the Board states, "THIS DECISION IS SUBJECT TO APPEAL."

In his petition, petitioner says that he has not appealed the Board's decision because such an effort would be "useless." It is clear from the face of the petition that petitioner did not present this issue to the Missouri courts before filing the instant petition.

**Discussion**

First, the Court notes that because petitioner is a state prisoner, his petition should have been brought under 28 U.S.C. § 2254. See Wayne v. Missouri Bd. of Prob. and Parole, 83 F.3d 994, 995 (8th Cir. 1996) (analyzing challenge to parole decision under § 2254). Petitioner cites to a line of cases in which parole decisions have been brought under 28 U.S.C. § 2241, originating with Jacobson v. United States, 542 F.2d 725 (8th Cir. 1976). However, Jacobson is distinguishable because the petitioner in that case was a federal prisoner. Id. at 726. As a result, the Court will construe the instant petition as if it had been brought under § 2254.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. Wayne, 83 F.3d at 996-97.

Petitioner did not exhaust any available state remedies before bringing this action. As a result, the Court will dismiss the petition without prejudice. Petitioner may refile the petition after it has been properly presented to the state courts.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [#3] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus is **DISMISSED** without prejudice.

Dated this 2nd day of December, 2008.

_____
UNITED STATES DISTRICT JUDGE